IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY DWAYNE SILVA,

        Petitioner,

v.                                  CIV 08-0431 WJ/KBM

ERASMO BRAVO, *et al.*,

        Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS & RECOMMENDED DISPOSITION

The Magistrate Judge filed proposed findings that addressed all of Petitioner's numerous interrelated and overlapping claims, including the few that were unexhausted. *See Doc. 28.* Petitioner requested an additional month to file objections, which the Magistrate Judge granted. *See Docs. 29-30.*

On the date the objections were due, Petitioner filed a document entitled "Motion to Stay and Objection." *Doc. 31.* This document does not raise any specific "objections" to the substance of the proposed findings. Instead, Petitioner states that he "objects . . . because there has been a fundamental defect in the state court criminal proceedings, and his convictions were obtained in violation of the

United States Constitution." *Doc. 31* at 2. General objections do not suffice and, accordingly, I adopt the Magistrate Judge's proposed findings and recommended disposition. *See, e.g., Soliz v. Chater,* 82 F.3d 373, 375 (10th Cir. 1996); *United States v. 2121 East 30th Street,* 73 F.3d 1057, 1059-60 (10th Cir.), *cert. denied sub nom, Hobbs v. United States,* 519 U.S. 909 (1996).

Alternatively, Petitioner asks to stay the federal proceedings while he returns to state court to seek an evidentiary hearing on "the supporting facts as to claim 11, (see Doc. 1 at 15-19)." *Doc. 31* at 2; *see also Doc. 1* at 15 (Claim 11 – "Whether trial counsel violated his code of conduct by creating a conflict of interest by accepting payment from the District Attorney's Office to represent the defendant."). The cited pages of the federal petition set forth certain trial strategies or alleged deficiencies by the trial attorney which Silva says prove the existence of a conflict of interest because his public defender was paid by the State. *See Doc. 28* at 9.

Petitioner now asserts that Claim 11 also constitutes a violation of procedural due process under the Fourteenth Amendment. *Doc. 31* at 2. He acknowledges that he did not ask to amend his federal petition during the nine months it was pending without proposed findings. That is because he knew his AEDPA statute of limitations had run a few days after he filed in federal court.

Petitioner explains that had he asked to amend, he risked the entire federal petition being dismissed as unexhausted. *See Doc. 31* at 4-6.

I find no basis for staying these proceedings. The Magistrate Judge noted that an alleged violation of a state code of conduct for attorneys is not cognizable in federal habeas. *Doc. 28* at 9. Furthermore, she addressed the claim on the merits, finding the state court's summary dismissal of the alleged attorney conflict claim was not "contrary to" or "unreasonable" under federal Sixth Amendment cases. *See Doc. 28* at 34-36.

Attorney conflict of interest claims are properly analyzed under the Sixth Amendment. The Fourteenth Amendment protection of procedural due process adds no other constitutional dimension because the protection against attorney conflicts of interest is grounded in procedural and substantive fairness of the criminal proceedings. *E.g., Mickens v. Taylor,* 535 U.S. 162, 166 (2002) ("The Sixth Amendment provides that a criminal defendant shall have the right to the Assistance of Counsel for his defence. This right has been accorded, we have said, not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.") (internal quotations and citations omitted). Thus, the new claim that Petitioner wants to further exhaust has already been addressed on the merits both in the state proceedings and here.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 28)* is ADOPTED;

2. Respondents' Motion To Dismiss *(Doc. 23)* is GRANTED;

3. The § 2254 petition is dismissed **with prejudice;**

4. Petitioner's motion for a "stay" *(Doc. 31)* is DENIED; and

5. A final order enter concurrently herewith.

UNITED STATES DISTRICT JUDGE